JPL:JV
F. #2025R00232

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DALIP SINGH and
GURNIRMAL SINGH,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

**1:25-cr-00372(NCM)(JAM)**

Cr. No. _____
(T. 18, U.S.C., §§ 981(a)(1)(c), 982(a)(1),
982(b)(1), 1028A(a)(1), 1028A(b),
1028A(c)(5), 1343, 1349, 1956(h), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Commit Mail and Wire Fraud)

1.    In or about and between December 2016 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DALIP SINGH and GURNIRMAL SINGH, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the City of New York including the New York City Department of Education (the "NYC DOE"), and to obtain money and property from it by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice: (a) to place in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, to deposit and cause to be deposited one or more matters and things to be sent and delivered by private and commercial interstate carriers, and to cause to be delivered by mail and such carrier according to the direction thereon any such matter and thing, contrary to Title 18, United States Code, Section 1341; and (b) to

transmit and cause to be transmitted, by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO THROUGH FOUR
(Wire Fraud)

2. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant DALIP SINGH, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the City of New York including the NYC DOE, and to obtain money and property from it by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, as set forth below:

| COUNT | APPROX. DATE | DESCRIPTION |
|---|---|---|
| TWO | February 23, 2024 | Electronically submitted certified payroll form transmitted from Company-1, an entity the identity of which is known to the Grand Jury, located outside of New York State to the NYC DOE located in New York City |
| THREE | November 21, 2024 | Electronically submitted certified payroll form transmitted from Company-1 located outside of New York State to the NYC DOE located in New York City |
| FOUR | December 5, 2024 | Electronically submitted certified payroll form transmitted from Company-1 located outside of New York State to the NYC DOE located in New York City |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT FIVE
(Aggravated Identity Theft)

3. In or about and between December 2016 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DALIP SINGH, together with others, during and in relation to the crimes charged in Counts One through Four, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that such means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## COUNT SIX
(Conspiracy to Commit Money Laundering)

4. In or about and between December 2016 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DALIP SINGH, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, and: (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i); and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH FOUR

5. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, including but not limited to: (a) the real property and premises known as 1956 Front Street, East Meadow, New York 11554, together with its appurtenances, improvements, fixtures, easements, furnishings, and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto; and (b) the real property and premises known as 84 West Choir Lane, Westbury, New York 11590, together with its appurtenances, improvements, fixtures, easements, furnishings, and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT SIX

7. The United States hereby gives notice to the defendant charged in Count Six that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to the real property and premises known as 1956 Front Street, East Meadow, New York 11554, together with its appurtenances, improvements, fixtures, easements, furnishings, and attachments thereon, as well as all leases, rents and profits thereon, and all proceeds traceable thereto.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

by Alixandra Smith, Assistant United States Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK